## PEIRCE-SMITH CONVERTER CO. v. UNITED VERDE COPPER CO.

### (District Court, D. Delaware. April 23, 1924.)

### No. 377.

1. **Evidence ⬤⟹588—Infirmity of human memory considered in weighing evidence as to events which occurred long before trial.**

   In an action in which it was claimed that patent was invalid because of prior knowledge and use and two years public use, the infirmity of human memory, and the fact that the best recollections are obscured by lapse of time, are factors of prime importance in weighing evidence as to events which occurred a long time prior to trial.

2. **Patents ⬤⟹328—943,280, for improvements in Bessemerizing copper matte, held not anticipated and valid.**

   Smith patent, No. 943,280, for improvements in Bessemerizing copper matte, *held* not anticipated and valid.

In Equity. Suit by the Peirce-Smith Converter Company against the United Verde Copper Company. Decree for plaintiff.

Livingston Gifford, William H. Davis, Merton Sage, and John F. Neary, all of New York City, for plaintiff.

Charles Neave, Edward L. Blackman, and Maxwell Barus, all of New York City, for defendant.

MORRIS, District Judge. The decree (293 Fed. 108) adjudging claims 1, 2, and 3 of letters patent No. 943,280, to Smith, valid and infringed, was vacated on the motion of the defendant, and the cause set down for further hearing for the purpose of taking:

"(a) Testimony relating to the operations carried on by William A. Heywood at the works of the Pittsburgh & Montana Company at Butte, Mont., during the years 1905 and 1906, such testimony to be given by William A. Heywood and Bartholomew M. Hannan, and by such other person or persons having actual knowledge of the said operations as may be permitted by the court;

"(b) Such expert testimony pertaining to such operations and based upon the testimony given under the terms of subdivision (a) hereof as may be permitted by the court; and

"(c) Such testimony on the part of the plaintiff as may be offered by the plaintiff and permitted by the court to rebut the testimony taken under subdivisions (a) and (b) hereof on behalf of the defendant."

[1] Thereupon the answer was amended by the addition of a new paragraph, alleging invalidity of the patent in suit on the grounds of (a) prior knowledge and use; and (b) two years' public use. The further hearing has been had. The events testified to occurred long ago. Plaintiff's process has been in use and well known during the greater

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

part of the intervening time. The infirmity of human memory and the fact that even the best recollections are obscured by the lapse of time are factors of prime importance in weighing evidence given under such circumstances. The memory of the most intelligent, upright, and conscientious person may unconsciously attribute to an earlier transaction the concomitants of latter occurrences. Subsequent information and observation are recollected as impressions of earlier events. Separation of the recollection of the step of an early process from the long-existing knowledge of the steps that are essential to its success can be but little relied upon. Eibel Co. v. Paper Co., 261 U. S. 45, 60, 43 Sup. Ct. 322, 67 L. Ed. 523; Campbell Printing Press, etc., Co. v. Marden (C. C.) 64 Fed. 782, 785.

But, ignoring those principles, and attributing the quality of accuracy to the memory of the witnesses, I think neither of the defenses set up in the amendment to the answer has been sustained. It now appears that the Baggaley & Heywood method of protecting the basic lining was not by the external application of air or water, but that their process was to "give the converter all the ore it would stand, * * * without either freezing it up or getting a slag so thick you could not pour it off." Heywood, questions 186–187; McKenzie, questions 104–106. That rule or process takes into consideration only the amount of the ore (flux), and not its composition as well. Consequently, as I see it, the Heywood or Baggaley process was not the Smith process. The step from Heywood to Smith may not now seem great to those who used the Heywood rule; but, as I view it, it marks the difference between the true or universal rule or process and one that, though it may have worked more or less successfully under the particular conditions existing at Butte, yet fell short of furnishing either a solution of the then existing problem or of anticipating Smith.

Claims 2 and 3 were more specifically challenged upon the further hearing than they were upon the former, where they were scarcely mentioned. Some doubt with respect to them has been raised, but it pertains to the sufficiency of the proof as to their infringement, more than to their validity. Compared with the first claim, they are of little moment, and as the purpose of vacating the decree was to take and consider evidence as to anticipation, and not to review the findings of infringement, I am not now inclined to disturb those findings.

A decree identical in form and substance with the one vacated will be entered.